**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DORIS RICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-CV-115 CAS |
| | ) |
| JOHNNIE WRIGHT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Doris Rice for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must

also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff brings this action for defamation of character against defendants Johnnie Wright and MERS Missouri Goodwill Industries ("Goodwill"). Plaintiff claims that she was fired on April 10, 2012, "because Johnnie Wright lied on [her] saying that [she] did not clean the restroom" at Goodwill. Plaintiff is seeking $50,000 in damages for "deflamation [sic] of caricter [sic]." Complaint at 4.

At the outset, the Court notes that plaintiff has failed to state the jurisdictional grounds for filing this action in federal court. Plaintiff states that she resides in the State of Missouri. She has provided a Missouri address for defendant Wright and does not state an address for defendant Goodwill.

Liberally construing the complaint as having been brought pursuant to 28 U.S.C. § 1332, the Court concludes that this action should be dismissed, without prejudice, for lack of federal court subject matter jurisdiction. The amount in controversy does not exceed $75,000, and complete diversity of citizenship appears to be lacking in that both plaintiff and at least one of the defendants appear to be citizens of Missouri. *See* 28 U.S.C. § 1332.

In addition, the instant action does not arise under the Constitution, laws, or treaties of the United States but rather asserts a state law claim, and thus federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Finally, neither of the named defendants is alleged to be, or appears to be, a state actor, and thus there can be no cause of action under 42 U.S.C. § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis in this action is **GRANTED**.  [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks jurisdiction over this action.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot.  [Doc. 4]

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   19th   day of February, 2013.